UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY HASSELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:03CV01632 CDP |
| ) | |
| ) | |
| JAMES PURKETT, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

Larry Hassell seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He claims that he would not have pleaded guilty had he known that the life sentence he was facing if convicted was parolable, rather than life without parole. The Missouri state courts rejected the same ineffective assistance of counsel claim he seeks to raise here, finding Hassell's testimony about his conversations with counsel not credible. Hassell's only argument to overcome this finding is that the prosecutor misstated the maximum sentence at his plea. This does not constitute clear and convincing evidence sufficient to rebut the state court's factual determinations, and so I will deny his petition for a writ of habeas corpus.

### **Background**

On November 13, 2000, Hassell pleaded guilty in the Circuit Court of the City

of St. Louis to two counts of first degree assault, two counts of armed criminal action, one count of first degree endangering the welfare of a child, and one count of second degree endangering the welfare of a child. In exchange for Hassell's plea, the state dismissed three other criminal charges. At the plea hearing, the prosecutor incorrectly stated that Hassell was facing life without parole on one of the charges; in fact the maximum sentence was life, but it was subject to parole. Neither the judge nor defense counsel corrected the prosecutor's misstatement. Pursuant to the plea agreement, the court sentenced Hassell to twenty-five years on each of the assault and armed criminal action counts, to five years on the first degree endangering the welfare of a child count, and to one year on the second degree endangering the welfare of a child count, all to be served concurrently, for a total sentence of twenty-five years.

Petitioner then filed a pro se motion, which was later amended after counsel was appointed, for post-conviction relief under Missouri Supreme Court Rule 24.035. Hassell argued that his lawyer was ineffective for failing to advise him of the correct maximum sentence he was facing if convicted at trial, and that he would not have pleaded guilty had he known the correct maximum sentence.

After conducting an evidentiary hearing, the Circuit Judge entered Findings of Fact and Conclusions of Law denying Hassell's motion for post-conviction relief. In denying the motion, the court found Hassell's testimony that he was not fully

informed of the maximum sentence he faced if convicted to be incredible. Furthermore, the state court determined from the plea counsel's testimony that the petitioner was fully apprised of the maximum sentence he faced. The petitioner had not established by a preponderance of the evidence that his plea counsel had failed to fully advise him about the range of punishment for first degree assault and armed criminal action. The court found that although the prosecutor had incorrectly stated the maximum sentence at the plea, Hassell had previously been informed of the correct maximum, including the right to parole.

The Missouri Court of Appeals affirmed the judgment of the Circuit Court, concluding that the motion court's findings were not clearly erroneous, and that deference must be given to that court's assessment of the credibility of Hassell and his former counsel.

After fully exhausting his state remedies and presenting this issue to the courts of the State of Missouri, pursuant to 28 U.S.C. § 2254 (b) and (c), Hassell now brings this <u>pro se</u> petition for writ of habeas corpus. In this petition, Hassell claims that his guilty plea was entered into involuntarily as a result of the ineffective assistance of his plea counsel. Hassell asserts that he would not have pleaded guilty had he known that his maximum punishment was parolable life, rather than life without the possibility of parole.

**Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), limited the scope of federal judicial review of a state prisoner habeas corpus petition. Williams v. Taylor, 529 U.S. 362, 399 (2000). Under the AEDPA, a federal court may not disturb the state court's adjudication of a claim on the merits, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding

28 U.S.C. § 2254(d). A federal court must presume state court factual determinations to be correct, unless clear and convincing evidence to the contrary is presented. 28 U.S.C. § 2254(e)(1); Perry v. Kemna, 356 F.3d 880 (8th Cir. 2004).

To prevail on a claim of ineffective assistance of counsel, the petitioner must satisfy the two-part test established by the Supreme Court in Strickland v. Washington. 466 U.S. 668, 687 (1984). This requires the petitioner "to show that counsel's performance was deficient" by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and to show "that the deficient performance prejudiced the

defense." Id. In order to satisfy the prejudice requirement of the Strickland test when a petitioner has pleaded guilty, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Hassell alleges that his plea counsel was deficient and that his defense was prejudiced when plea counsel did not explain to him that the maximum sentence he could receive was life in prison with the possibility of parole. In Garmon v. Lockhart, the Eighth Circuit held that "'erroneous advice concerning parole eligibility may constitute ineffective assistance of counsel . . . [if] petitioner pleaded guilty as a direct consequence of his counsel's erroneous advice and . . . but for this advice, the outcome of the plea process would have been different.'" Garmon v. Lockhart, 938 F.2d 120, 121 (8th Cir. 1991), citing Hale v. Lockhart, 903 F.2d 545 (8th Cir. 1990). In Garmon, the court held that the defendant was prejudiced when plea counsel incorrectly informed the defendant that he would have to serve only five years, instead of the minimum of fifteen years, before he would become eligible for parole; both plea counsel and the defendant testified that the defendant only pleaded guilty so that he could get out of jail quickly. 938 F.2d at 121.

At the state court evidentiary hearing for post-conviction relief, Hassell's and his plea counsel's testimony conflicted. Hassell testified that he believed he was

-5-

facing life without the possibility of parole, while counsel testified that he would have explained that Hassell would be eligible for parole after serving 85% of his sentence, and that the sentences could be consecutive or concurrent.  Hassell did not dispute that he was told the sentences could be run consecutively.  The motion court credited the lawyer's testimony over Hassell's, and concluded that Hassell was told the correct maximum.  He also concluded that the prosecutor's misstatement at the plea did not induce Hassell's guilty plea.

Under the limited discretion allowed in habeas proceedings, the federal court must presume the state court's findings of facts to be correct, and may grant relief if the state court's decision "is 'based on an unreasonable determination of the facts in light of the evidence presented.'" Perry v. Kemna, 356 F.3d at 882.

The state court entered detailed Findings of Fact, in which the Circuit Judge determined that the petitioner's testimony was not credible, and that plea counsel's testimony was credible.  These findings are supported by the evidence presented at the state court hearing.  Hassell has not presented clear and convincing evidence rebutting the state court's factual determination.  As a result I must defer to the state court's factual determination of the credibility of the witnesses' testimony.  28 U.S.C. § 2254(e)(1).

Without clear and convincing evidence to rebut the state court's factual

determination, the petitioner has not demonstrated that his counsel rendered ineffective assistance, since he has not shown that counsel provided him with erroneous advice regarding the maximum sentence he faced if convicted. Therefore, petitioner has not satisfied the two-part test established in <u>Strickland</u> needed to prevail on an ineffective assistance of counsel claim. I will deny petitioner's request for a writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Larry Hassell for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that as Hassell has not made a substantial showing of the denial of a constitutional right, this Court will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the referral of this matter to a Magistrate Judge is vacated.

A separate judgment in accordance with this memorandum and order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of June, 2005.